UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

YASMANI GUETE-HERNANDEZ,

Petitioner,

v.                                                    No.  1:26-CV-00091-H

WARDEN, BLUEBONNET
DETENTION FACILITY,

Respondent.

## ORDER

On March 2, 2026, Aldorys Jimenez Gil filed a 28 U.S.C. § 2241 petition for writ of habeas corpus as next friend on behalf of her spouse, Yasmani Guete-Hernandez, challenging his immigration detention in the Bluebonnet Detention Center (BDC).  Dkt. No. 1.  When the case was opened, the Clerk sent Gil a copy of the Court's notice and instructions to pro se parties, which, among other things, warns parties that their case may be dismissed if they do not promptly file a written notice of any address changes.  Dkt. No. 3.

On March 4, the Court determined that Gil was not authorized to file the petition on behalf of Guete-Hernandez and removed Gil as a named party to this action.  Dkt. No. 6. Additionally, the Court instructed Guete-Hernandez that, if he intends to pursue habeas relief on his own behalf or with the assistance of a licensed attorney, he must file an amended petition on the proper form within 30 days, or risk dismissal of this action without prejudice for want of prosecution, without further notice.  *Id.*  The Clerk mailed a copy of the Court's March 4 order, the original petition, and a blank copy of the proper petition form to Guete-Hernandez at BDC. *Id.*  The Clerk also mailed a copy of the Court's March 4 order to Gil.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action sua sponte for failure to prosecute or to comply with a court order.  *See Larson v. Scott*, 157 F.3d

1030, 1031 (5th Cir. 1998); *see also* Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629–30 (1962).

Although the deadline for Guete-Hernandez to comply with the Court's March 4 order has not expired, the order and documents that the Clerk mailed to him were recently returned as undeliverable. Dkt. No. 9. The return envelope indicates that Guete-Hernandez is no longer detained at BDC and is marked "return to sender" and "unable to forward." *Id.* To date, neither Gil nor Guete-Hernandez has updated Guete-Hernandez's mailing address, which is required. *See* N.D. Tex. Civ. R. 83.13, 83.14. Because Guete-Hernandez's address is unknown, this case cannot proceed.

Under these circumstances, the Court finds that this habeas action must be dismissed without prejudice for failure to prosecute. In the event Guete-Hernandez has been transferred to another facility and intends to challenge his immigration detention there, he is free to file a Section 2241 habeas petition in the appropriate district and division if he desires. The Court expresses no opinion on the merits of any claims he may choose to raise.

Gil's recent motion to proceed as next friend on behalf of Guete-Hernandez is denied as moot. Dkt. No. 8. Although Gil is no longer a named party to this action, the Clerk is directed to mail a courtesy copy of this order to her.

So ordered.

Judgment will be entered accordingly.

Dated March 46, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge